liCLARK, Judge Pro Tern.
In this eviction case, defendant, William Johnson, appeals the overruling of his exception of insufficiency of citation and unauthorized use of summary proceedings. We affirm the trial court’s ruling.
FACTS
Plaintiffs filed a petition for eviction in Shreveport City Court on June 19,1995. On June 26, defendant answered the petition in proper person. He denied plaintiffs’ allegations of nonpayment of rent and asserted a *1207 reconventional demand for damages for breach of contract, including damages for emotional stress and loss of income.
On June 27,1995, the rule to evict came up for a hearing. Defendant was present in proper person and at that time delivered a copy of his answer and reconventional demand to the plaintiffs’ agent. The minutes reflect that the eviction proceedings were recessed for plaintiffs to obtain counsel. Subsequently, on July 6, 1995, plaintiffs answered defendant’s reconventional demand, denying his claims and pointing out that while his reconventional demand sought a monetary judgment, plaintiffs’ suit was for possession of property which they sought through a rule to show cause.
Defendant responded by filing a dilatory exception objecting to the unauthorized use of summary proceedings and a declinatory exception pleading insufficiency of citation. In his dilatory exception, defendant cited law concerning summary judgment, and asserted that when the matter came up for hearing on June 27, 1995, the court stated that there were genuine issues of material fact involved in the case and granted a continuance. The declinatory exception of insufficient citation alleged that the citation was invalid for three reasons: (1) the citation did not allow at least ten days to make an appearance as required by LSA-C.C.P. Art. 966; (2) the citation was not served on the defendant or any member of his family by the sheriff as required by law; and (3) the citation had no seal of the office of the clerk of court.
The court minutes show that on July 19, 1995, the rule to evict was called. Plaintiffs were represented by counsel, however, defendant failed to appear. Plaintiff introduced evidence and the court made the rule to evict absolute, ordering defendant to |2vacate the premises on or before July 20, 1995 at 9:25 a.m. A judgment reflecting the substance of this order was signed the same day. On the morning of July 20, 1995, defendant filed a petition for nullity objecting to service of citation; that afternoon, defendant filed a petition for appeal of the July 19, 1995 judgment.
DISCUSSION
Initially, we observe that an action of nullity does not affect the right to appeal, LSA-C.C.P. Art. 2005, and that an action to annul a judgment must be brought in the trial court, LSA-C.C.P. Art. 2006. Thus, considering that defendant filed a petition for nullity after the rendition of judgment in the instant case, that petition for nullity is not before this court on appeal. Instead, the appeal addresses the trial court’s overruling of defendant’s exceptions.

Insufficient citation

In defendant’s first assignment of error, he asserts that the citation issued on July 10, 1995 and served on July 11, 1995 “clearly does not meet the requirements of Article 966B of the Code of Civil Procedure.” Those provisions concern motions for summary judgment; they have no application in this case because no motion for summary judgment has been filed. Eviction matters are instead governed by the provisions of LSA-C.C.P. Art. 4732 stating that the court shall make a rule to show cause, returnable not earlier than the third day after service thereof, why possession of the premises shall not be delivered. The minutes of the court reflect personal service on July 11,1995, and a hearing on the rule on July 19, 1995. Accordingly, defendant’s first assignment of error is meritless.[1]

Unauthorized use of summary proceedings

In his second assignment of error, defendant asserts that his dilatory exception objecting to unauthorized use of summary proceedings raises genuine issues of material fact. Again, defendant fails to appreciate that this matter does not involve a motion for | -¡summary judgment. Furthermore, there is nothing improper about the use of summary proceedings in an eviction matter. The provisions of LSA-C.C.P. Art. 4731(A) specifically state that if the lessee or occupant fails to comply with a notice to vacate, etc., the *1208 lessor or owner, or agent thereof, may cause the lessee or occupant to be cited summarily by a court of competent jurisdiction to show cause why he should not be ordered to deliver possession of the premises to the lessor or owner. This procedural provision, along with others found in Chapter 2 of Title XI of the Code of Civil Procedure, show that eviction procedures are intended to quickly go forward to resolution. Therefore, appellant’s second assignment of error is meritless.
CONCLUSION
For the reasons set forth above, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. Defendant does not urge on appeal the other two arguments he asserted in his declinatory exception in the trial court.